**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tomasz Adamek,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-00678-PHX-JAT<br><br>**ORDER** |

The Court addresses Plaintiff's failure to file an opening brief addressing the merits of his appeal.

On April 20, 2021, Plaintiff filed a Complaint requesting review of the Commissioner of the Social Security Administration's decision to deny him social security disability benefits. (Doc. 1). In that Complaint, Plaintiff noted that he was living in a shelter and his mail was being temporarily sent to his daughter's address. (*Id.* at 3). As of the date of this Order, Plaintiff did not provide the Court with an updated mailing address.

On April 21, 2021, the Court issued a Scheduling Order requiring the parties to "strictly comply" with the deadlines and procedures stated therein. (Doc. 5 at 1). Specifically, the Order commanded the parties to comply with Arizona Local Rule 16.1, which states in relevant part:

> (a) Opening Brief. Within sixty (60) days after the answer is filed, Plaintiff must file an opening brief addressing why the Commissioner's decision is not supported by substantial evidence or why the decision should otherwise be reversed or the case remanded.

LRCiv 16.1(a). The Scheduling Order also warns that "if either party fails to timely file a brief in full compliance with this Order, the Court may strike the non-complying brief, dismiss the case, or remand to the agency, as appropriate." (Doc. 5 at 3) (citing Fed. R. Civ. P. 41(b)).

On November 23, 2021, Defendant timely filed an Answer to the Complaint. (Doc. 15). In accordance with the Scheduling Order, Plaintiff's deadline to file his opening brief fell on January 24, 2022. Because Plaintiff did not file that brief, the Court issued an order on February 16, 2022 stating:

> The answer and administrative record were filed in this case on November 23, 2021. Thus, Plaintiff's opening brief was due by January 24, 2022. (*See* Doc. 5). To date, Plaintiff has failed to file the opening brief. Therefore,
> **IT IS ORDERED** that Plaintiff shall file the opening brief by March 2, 2022. If Plaintiff fails to file the opening brief by this deadline, this case will be dismissed for failure to prosecute and failure to comply with a court order. *See* Fed. R. Civ. P. 41(b).

(Doc. 17) (emphasis in original). As of the date of this Order, Plaintiff has failed to comply with the Court's filing deadlines.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders).

However, dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). Additionally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," but the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson*, 779 F.2d at 1423.

Because dismissal for failure to prosecute is a "harsh penalty and is to be imposed only in extreme circumstances," *Henderson*, 779 F.2d at 1423, the Court will consider the merits of each of the five *Henderson* factors, in turn.

First, "the public's interest in expeditious resolution of litigation," *id.*, favors dismissal. Plaintiff filed the Complaint on April 20, 2021 (Doc. 1) and, but for Plaintiff's failure to file an opening brief or request an extension on or before January 24, 2022, Plaintiff's appeal would have been ripe for decision as of March 10, 2022. (*See* Doc. 5). Moreover, Plaintiff's current failure to comply with the Court's extended deadline to file an opening brief has needlessly extended the length of the proceedings beyond the contemplated March 2022 disposition date. (*See* Doc. 17).

Second, "the court's need to manage its docket," *Henderson*, 779 F.2d at 1423, favors dismissal. Plaintiff's failure to prosecute has required the Court to expend its judicial resources reviewing the docket, computing deadlines, and drafting additional Orders regarding Plaintiff's failure to prosecute his case. (*See* Doc. 17).

Third, "the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423, neither favors nor disfavors dismissal. Because the Court has raised this issue sua sponte, neither party has weighed in on whether the defendants have suffered prejudice, and the Court has no reason to believe any prejudice exists. The Court notes however that "[u]nreasonable delay [by the Plaintiff] creates a presumption of injury to the defense." *Id.*

Fourth, "the public policy favoring disposition of cases on their merits," *id.*, neither favors nor disfavors dismissal. If the Court were to dismiss Plaintiff's claims with prejudice, then public policy would be offended because Plaintiff would be precluded from

prosecuting his claims at a later date if he so desired. If the Court were to dismiss Plaintiff's claims without prejudice, however, then the adjudication would not be on the merits and public policy would not disfavor dismissal.[1]

Fifth, "the availability of less drastic sanctions," *id.*, favors dismissal. Here, Plaintiff has been warned twice that he must comply with all Court Orders, including the Court's most recent Order addressing Plaintiff's failure to file his opening brief. (Doc. 17 at 1; Doc. 5 at 3). Further, Plaintiff has been explicitly warned that failing to prosecute his case could result in dismissal.[2] (Doc. 17 at 1; Doc. 5 at 3). Nonetheless, by refusing to file his opening brief, Plaintiff has left the Court with no ability to understand his claims of error and address the merits of his appeal. The Court finds that a less drastic sanction, such as an additional warning, is unlikely to have any effect on Plaintiff. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citations omitted).

In sum, *Henderson* factors one, two, and five favor dismissal and factors three and four do not disfavor dismissal without prejudice. Thus, in the aggregate, the *Henderson* factors weigh in favor of a dismissal without prejudice for failure to prosecute. *See Henderson*, 779 F.2d at 1425 ("Where counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative.").

Accordingly,

///

///

///

///

---

[1] The Court assumes, without deciding, that Plaintiff would not be precluded from filing additional social security disability applications to seek benefits such that a dismissal without prejudice does not effectively bar Plaintiff from seeking disability benefits in the future.

[2] Moreover, Plaintiff's Complaint evidences his ability to notify the Court about his current mailing address and the Court has no evidence that Plaintiff did not receive the copies of the Court's Orders or the Defendant's Answer as they were not returned to sender.

**IT IS ORDERED** that Plaintiff's case is dismissed without prejudice for failure to prosecute. The Clerk of the Court shall enter judgment accordingly.

Dated this 18th day of March, 2022.

*James A. Teilborg*
Senior United States District Judge

- 5 -